THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES KONONO, Appellant.— Time for argument of appeal enlarged to include May 1960 Term; motion to dismiss appeal granted unless appellant's brief is filed on or before March 28, 1960, and case put on for argument during the first week of May Term. Respondent's brief must be filed on or before April 14, 1960. (See rule VIII of the rules of this court.)

## (March 16, 1960)

In the Matter of the Claims of JOSEPH LAMBO et al., Respondents, against BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF ROCHESTER, Appellant.— Order insofar as appealed from unanimously reversed, without costs of this appeal to any party, and matter remitted to the Special Term for further proceedings in accordance with the memorandum. Memorandum: The affidavits before the Special Term were not sufficient to demonstrate that, in the father's case, the failure to serve the notice of claim in time was due to the physical incapacitation of the claimant (General Municipal Law, § 50-e). The injury to the infant occurred on December 2, 1958; the father had suffered a stroke on February 4, 1958, 10 months earlier, which it is alleged left him "totally and permanently disabled" and rendered him "unable to attend to business affairs as expeditiously as before the occurrence of the stroke". The Special Term memorandum states that the father suffered a stroke in February, 1959; this may be a typographical error or it may reflect an erroneous belief on the part of the Special Term Justice that the father had become incapacitated within 90 days after the accident. This point should be clarified upon the court's reconsideration of the case; the parties will also have an opportunity upon the rehearing of the motion at Special Term to submit supplementary affidavits, if they are so advised, setting forth more fully the nature of the father's condition and its connection, or absence of connection, with his failure to serve the notice in time. (Appeal from part of an order of Monroe Special Term, permitting claimants to serve a late notice of claim upon defendant Board of Education.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.